Nott, J.,
delivered the opinion of the court:
The only question presented by this case is whether, under the Italian law, an American citizen may maintain an action against the government of Italy. As we have before found, the perfected justice of the civil law made the government, in matters of ordinary obligation, subject to the suit of the citizen, in the ordinary tribunals of the country. We have found this right to be preserved under modern codes in Prussia, Hanover, and Bavaria, Brown’s Case, (5 C. Cls. R., p. 571;) in the Republic of Switzerland, Lobsiger’s Case, (id., p. 687 ;) in Holland, the Netherlands, the Hanseatic Provinces, and the free city of Hamburg, Broicn’s Case, (6 C. Cls. R., p. 193;) in France, Dauphin’s Case, (id., p. 221;) in Spain, Molina’s Case, (id., p. 269 ;) and in Belgium, DeGives’ Case, (7 C. Cls. R., p. 517.)
It was also shown in Brown’s Case, (5 C. Cls. R., p. 571,) by a distinguished historical writer who was examined as a witness, Mr. Frederick Kapp, that.this liability of a government under the civil law is not a device of modern civilization, but has been deemed inherent in the system, and has been so long established that, to use the phrase of the common law, the memory of man runneth not to the contrary. Therefore, it is to be expected that in Italy, the seat and fountain of the civil law, this same liability of government is to be found existing. The uOivil Code of the Kingdom of Italy” of 1866 recognizes, rather than establishes, the fundamental principle of liability; but it expressly provides (article 10) that, 11 in suits pending before the judicial authority, between private persons and the pub- *257 ■lie administration, the proceedings shall always talce place formally at the regular session.”
It is also established, by the third article of the same code, that uthe alien is admitted to enjoy all the civil rights granted to 'citizens.” These provisions establish the right of an Italian citizen to maintain his action in this court, within the meaning of the Act July 27, 1868, (15 Stat. L., § 2, p. 243,) which prohibits the subject of a foreign government from maintaining a suit for captured property, unless “ the right to prosecute claims against such government in its courts” is reciprocal, and extends to citizens of the United States.
The judgment of the court is that the claimant recover the proceeds in the Treasury of five bales of cotton, captured at -Savannah, being $175.33 per bale, amounting in the aggregate to $876.65,